**Ruben CAMACHO GARCIA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73128, A75–692–916.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 20, 2004.

Gary Finn, Attorney at Law, Indio, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Offi-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

cer, Office of the District, Counsel, San Francisco, CA, OIL, Jennifer A. Parker, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

Ruben Camacho Garcia, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Where the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted. *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). We review de novo due process challenges, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003), and we deny the petition for review.

Assuming *arguendo* that the IJ erred in denying Camacho Garcia a continuance when his counsel failed to appear at his hearing, and that the counsel's failure to appear constituted ineffective assistance of counsel, the BIA properly determined that Camacho Garcia was not prejudiced, because his daughter took the stand and testified to the hardship removal would cause. *See Iturribarria v. INS*, 321 F.3d 889, 901–03 (9th Cir.2003). Accordingly, Camacho Garcia fails to demonstrate how the alleged violation affected the outcome

of the proceedings. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), Camacho Garcia's motion for stay of removal included a timely request for a stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

